**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4902**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LEBERT GEORGE HINDS, a/k/a Benjamin Lamar
Douglas, a/k/a Lebert George Hines,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western
District of North Carolina, at Statesville. Richard L. Voorhees,
District Judge. (CR-03-29)

———————

Submitted: April 19, 2006                    Decided: May 3, 2006

———————

Before WILKINSON, WILLIAMS, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Matthew A. Victor, VICTOR, VICTOR & HELGOE, L.L.P., Charleston,
West Virginia, for Appellant. Amy Elizabeth Ray, OFFICE OF THE
UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Lebert George Hinds pled guilty to possession with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000). The district court sentenced him as a career offender to a 262-month term of imprisonment. Hinds' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging Hinds' sentence but stating that, in his view, there are no meritorious issues for appeal. Hinds has filed a pro se supplemental brief. We affirm.

Hinds asserts that the district court erred in classifying him as a career offender under U.S. Sentencing Guidelines Manual § 4B1.1 (2003). Because Hinds did not object in the district court, this court's review is for plain error. United States v. Harp, 406 F.3d 242, 245 (4th Cir.) (stating standard of review), cert. denied, 126 S. Ct. 297 (2005). We conclude that the district court properly designated Hinds as a career offender. See id. (discussing elements of USSG § 4B1.1(a)).

Citing United States v. Booker, 543 U.S. 220 (2005), Hinds asserts that his career offender sentence violates his Sixth Amendment rights because the prior convictions were not admitted by him or submitted to a jury. Because Hinds did not raise this issue in the district court, our review is for plain error. See United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). Hinds' argument is foreclosed by our decision in United States v. Collins,

- 2 -

412 F.3d 515, 521-23 (4th Cir. 2005) (holding that application of career offender enhancement falls within exception for prior convictions where facts were undisputed, making it unnecessary to engage in further fact finding about prior conviction). Thus, there is no Sixth Amendment error in this case.

In accordance with <u>Anders</u>, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm Hinds' conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>